# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11-CV-585-RJC-DCK

| | |
|---|---|
| JESSICA COLAVITA, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| BOSTON SCIENTIFIC CORPORATION, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 7). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Plaintiff Jessica Colavita ("Plaintiff") initiated this action with the filing of her "Complaint" (Document No. 1) on November 16, 2011. The Complaint asserts that Defendant Boston Scientific Corporation ("Defendant") is liable for "Retaliation in Violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*" and "Negligent Retention and Supervision." (Document No. 1, pp.8-9).

Plaintiff was employed by Defendant from March 2008 until September 9, 2010. (Document No. 1, pp.2, 7). Plaintiff contends that during her employment with Defendant, a co-employee, Matthew Spargo, sexually harassed her and then retaliated against her for complaining about his harassment. (Document No. 1, p.9). Plaintiff further contends that Defendant had actual knowledge of Mr. Spargo's harassment and retaliation, continued to retain him as an employee, and failed to investigate Plaintiff's complaint of retaliation. Id. Plaintiff asserts that Defendant's failure to

investigate her complaint of retaliation, her subsequent prohibition from contacting a large client, and finally her termination, all support her retaliation claim. (Document No. 1, pp.8-9).

According to the Complaint, "[o]n March 4, 2011, Plaintiff timely filed with the Equal Employment Opportunity Commission a charge alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*"; and "[o]n August 16, 2011, the EEOC issued Plaintiff a Right to Sue Letter."

"Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 7) was filed on January 9, 2012; "Plaintiff's Memorandum Of Law In Opposition To Defendant's Motion To Dismiss" (Document No. 10) was filed on January 26, 2012; and "Defendant's Reply..." (Document No. 13) was filed February 6, 2012. In addition, and without leave of the Court, Plaintiff filed a "Surreply In Opposition..." (Document No. 14) on February 8, 2012, and Defendant filed an "...Objection To Plaintiff's Surreply..." (Document No. 16) on February 21, 2012.

In her response to the pending motion, "Plaintiff consents to and does not dispute the dismissal of her negligent retention claim." (Document No. 10, p.1). Therefore, the question remaining before the Court is whether Plaintiff's claim of retaliation in violation of Title VII must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). Immediate review of the pending motion and recommendation for disposition to the presiding district judge is now appropriate.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to

2

state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant contends that Plaintiff has failed to state a claim upon which relief can be granted because she did not file a timely EEOC charge. (Document No. 8, p.5). Defendant notes that "allegations of Title VII violations must first be filed with the EEOC within 180 days 'after the alleged unlawful employment practice occurred.'" Id. (quoting 42 U.S.C. § 2000e-5(e)(1); and Delaware State College v. Ricks, 449 U.S. 250, 257 (1980)). Specifically, 42 U.S.C. § 2000e-

3

5(e)(1) provides as follows:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter...

The statute further requires that

> the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer, . . . (hereinafter referred to as the "respondent") within ten days, and shall make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires.

42 U.S.C. § 2000e-5(b).

Defendant contends that Plaintiff did not sign her EEOC charge until March 25, 2011, and did not file it until March 28, 2011. (Document No. 8, p.6). Because Plaintiff bases her Title VII claims on alleged events in January 2010, and on September 9, 2010, Defendant asserts that Plaintiff's charge is outside the allowed 180 day filing period, and therefore her claim must now be dismissed. Id. (citing Jenkins v. Trustees of Sandhills Comty. Coll., 259 F.Supp.2d 432, 441 (M.D.N.C. 2003); and Sullivan v. Fayetteville State Univ., 163 F.3d 599, 1998 WL 637309 at *1 (4th Cir. Aug. 31, 1998)).

In response to the motion to dismiss, Plaintiff acknowledges the 180 day filing period and other requirements of a Title VII charge, but argues that her EEOC Charge was timely filed. (Document No. 10, pp.3-4). Plaintiff asserts that her "Intake Questionnaire" and the accompanying letter (Document No. 11-1) submitted to the EEOC on or about March 4, 2011, is properly construed as a timely charge of discrimination. (Document No. 10, pp.3-7). Plaintiff relies heavily on Federal

Express Corp. v. Holowecki, 552 U.S. 389 (2008), which she contends held that "in the context of actions filed under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq., a charging party's Intake Questionnaire, together with a detailed affidavit setting forth the basis for her claims, was sufficient to constitute a charge under an EEOC regulation comparable to 29 C.F.R. § 1601.12." (Document No. 10, p.4).

Plaintiff further asserts that several courts in the Fourth Circuit have applied the reasoning of Holowecki to Title VII cases; in particular those courts have looked at "the EEOC's treatment of the documentation that was filed, and considered whether the EEOC treated the documentation as a charge." (Document No. 10, p.5). Plaintiff argues that the "Intake Questionnaire" (Document No. 11-1) contained the information required by the EEOC for a charge, and/or that the EEOC Form 5 ["Charge of Discrimination" (Document No. 8-1)] executed on March 25, 2011, related back to the "Intake Questionnaire" and cured any defects in the "original charge." (Document No. 10, p.5). Plaintiff concludes that the EEOC treated her "Intake Questionnaire" as a charge of discrimination, and therefore, the motion to dismiss her retaliation claim should be denied. (Document No. 10, p.6).

Defendant contends that Plaintiff's "Intake Questionnaire" (Document No. 11-1) is insufficient to be deemed a charge for purposes of her Title VII retaliation claim. (Document No. 13, p.3). As Defendant points out, there is no dispute that Plaintiff filed a "Charge Of Discrimination" (Document No. 8-1) that was date-stamped March 28, 2011, more than 180 days after the latest allegation of retaliation on September 9, 2010. (Document No. 13, pp.3-4). Moreover, the "Charge Of Discrimination" makes no reference to the "Intake Questionnaire" or any other prior "charge." (Document No. 8-1).

Defendant makes several persuasive arguments supporting its position that Plaintiff's charge was untimely, and therefore, that her remaining claim should be dismissed. First, Defendant argues

5

that the "Intake Questionnaire" was not verified. (Document No. 13, p.4). Defendant contends that the requirement that a charge be "in writing under oath or affirmation" is a statutory requirement, not a preference, that is further bolstered by the EEOC's regulation that "[a] charge shall be in writing and signed and shall be verified." Id. (citing 42 U.S.C. § 2000e-5(b) and 29 C.F.R. § 1601.9). Defendant also cites to Graves v. Industrial Power Generating Corp., 2011 WL 63696 (E.D.Va. Jan. 5, 2011), which stated in pertinent part:

> the Court cannot find, under applicable law, that the EEOC Intake Questionnaire suffices to establish administrative exhaustion of Graves's wage discrimination or retaliatory discharge claim. The questionnaire was a private, unsworn document between Graves and the EEOC. Its purpose was to help the EEOC determine whether it had jurisdiction over Graves's allegations, and the document included a reminder that a formal charge must be filed within the applicable time limit. Even if the Court found that this questionnaire sufficiently alleged wage discrimination and retaliation, nothing in this record suggests that [Defendant] received notice of these allegations as part of the EEOC investigative process...

Graves, 2011 WL 63696 at *8. Defendant notes that Graves was proceeding *pro se*. (Document No. 5, p.13, n.2).

The undersigned observes that the Eastern District of Virginia examined this issue a few months after the Graves decision and found that "Graves misreads Holowecki." Bland v. Fairfax Co., Va., 799 F.Supp.2d 609, 616 (E.D.Va. June 29, 2011). Bland found that Holowecki holds that it is not required that an intake questionnaire be sworn, or have an attached affidavit, to constitute a charge. Id. Specifically, the Holowecki decision states:

> We conclude as follows: In addition to the information required by the regulations, i.e., an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.

Id. (quoting Holowecki, 552 U.S. at 402). Bland includes the following additional analysis:

> Holowecki does not stand for the proposition that an intake questionnaire *is* a charge, but for the proposition that in certain instances an intake questionnaire can be "*deemed* a charge" if it can be "reasonably construed as a request for the agency to take remedial action." Holowecki, 552 U.S. at 402, 128 S.Ct. 1147. That is, an intake questionnaire can be "deemed" a charge, *i.e.*, it can function as charge, even though it is not a charge. Thus, that the Vaughn intake form stated that "[f]illing out and bringing us or sending us this questionnaire does not mean that you have filed a charge," Vaughn, 2010 WL 4608403, at *4, is not in itself dispositive of the Holowecki analysis. Filling out an intake questionnaire does not mean that one has filed a charge, but under Holowecki, in certain instances the intake questionnaire may be *deemed to be [a] charge* despite the fact that it is not, in fact, a charge.

Bland, 799 F.Supp.2d at 617-18.

As a result, relevant caselaw indicates that even though Plaintiff's Intake Questionnaire lacks a sworn affidavit, or other verification, it *might* be deemed a charge if it meets other requirements, primarily that it can reasonably be construed as a request for the EEOC to take remedial action or otherwise settle a dispute between an employer and employee. In Holowecki, the attached affidavit "asked the agency to '[p]lease force [the employer] to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment...,'" which the Supreme Court "construed as a request for the agency to act." Holowecki, 552 U.S. at 405.

In Bland, the plaintiff's intake questionnaire provided that "[w]hen this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will ... consider it to be a sufficient charge of discrimination under the relevant statute(s)"; and further stated that its purpose "is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction." Bland, 799 F.Supp.2d at 616. The Bland court found that "this language is reasonably construed as a request

7

for the agency to take remedial action to protect the Plaintiff's rights or otherwise settle a dispute between the employer and the employee." Bland, 799 F.Supp.2d at 617 (citing " Holowecki, 552 U.S. at 402).

In this case, the Plaintiff's "Intake Questionnaire" states:

> **REMEMBER** a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses.

(Document No. 11-1, p.2) (emphasis in original). In addition, the questionnaire in this case provided that

> If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. **If you do not file a charge of discrimination within the time limits, you will lose your rights**.

(Document No. 11-1, p.5) (emphasis in original). There is also a Privacy Act Statement in the instant case's questionnaire that includes the following:

> The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge.

Id. The applicable language of the "Intake Questionnaire" in this case appears to be distinguishable from the language in the Bland case.

Based on the foregoing, Defendant concludes that neither the "Intake Questionnaire," nor Plaintiff's counsel's letter, constitute an express request for remedial action. (Document No. 13,

8

p.9). Defendant contends that this case is similar to Grice v. Baltimore Co., Md., 2008 WL 4849322 (D.Md. 2008), where that court distinguished Holowecki and found that an intake questionnaire should not be treated as a charge of discrimination:

> As in Holowecki, the Intake Questionnaire completed by Grice states that its purposes are to facilitate "pre-charge filing counseling" and to enable the agency to determine whether it has jurisdiction over "potential charges," and is not labeled as a "Charge of Discrimination." Unlike the filing in Holowecki, however, Grice did not supplement her Intake Questionnaire with a detailed affidavit. The Court cautioned in Holowecki that "were the Intake Questionnaire the only document before us we might agree its handwritten statements do not request action." 128 S.Ct. at 1159.
> . . . Because Grice's Intake Questionnaire does not contain a clear "request for agency action" like the one found in Holowecki, the Court will not treat this filing as a charge of discrimination.

Grice, 2008 WL 4849322 at *4.

Defendant identifies other instructive cases finding that an intake questionnaire should not be deemed a charge. (Document No. 13, pp.9-11) (citing Barzanty v. Verizon PA, Inc., 361 Fed.Appx. 411, 415 (3rd Cir. 2010) ("The EEOC Charge Form and the Intake Questionnaire serve different purposes. An Intake Questionnaire facilitates "pre-charge filing counseling" and allows the Commission to determine whether it has jurisdiction to pursue a charge. Federal Express Corp. v. Holowecki, 552 U.S. 389 (2008). . . . See, *e.g.*, Park v. Howard Univ., 71 F.3d 904, 909 (D.C.Cir. 1995) ('To treat Intake Questionnaires willy-nilly as charges would be to dispense with the requirement of notification of the prospective defendant ....' (quoting Early v. Bankers Life and Cas. Co., 959 F.2d 75, 80 (7th Cir. 1992))"); see also, Middleton v. Motley Rice, LLC, 2010 WL 3167360 at *6 (D.S.C. Aug. 9, 2010) ("Simply stated, '[t]he EEOC Charge Form and the Intake Questionnaire serve different purposes. An Intake Questionnaire facilitates 'pre-charge filing counseling' and allows the [EEOC] to determine whether it has jurisdiction to pursue a charge.'

9

Barzanty v. Verizon PA, Inc., 361 F. App'x 411, 415 (3d Cir. 2010) (citing Fed. Express Corp. v. Holowecki, 552 U.S. 389 (2008)). 'Moreover, the Intake Questionnaire is not shared with the employer during the pendency of the EEOC investigation. On the other hand, an EEOC Charge Form serves to define the scope of the [EEOC]'s investigation and to notify the defendant of the charges against it.'")).

Defendant also argues that the EEOC's conduct belies a finding that the Intake Questionnaire constituted a charge, because there is no evidence the EEOC ever forwarded a copy of the Intake Questionnaire to Defendant. (Document No. 13, p.11). Instead, Defendant received a copy of the "Charge of Discrimination" (Document No. 8-1) filed on March 28, 2011, and a "Notice Of Charge Of Discrimination" (Document No. 13-2), on April 5, 2011.

As noted above, Plaintiff has filed a surreply; however, as Plaintiff recognizes "neither the Federal Rules of Civil Procedure nor the Local Rules of this Court provide for the filing of a surreply brief." (Document No. 14, p.1). As such, and further observing that Plaintiff did not seek leave of the Court to file its surreply, the undersigned will decline to consider Plaintiff's additional argument(s).

## IV. CONCLUSION

In the end, the undersigned finds the decision before the Court to be a close call. There appears to be a split among the courts of the Fourth Circuit, as well as courts across the country, on whether an "Intake Questionnaire" can be construed as a timely charge of discrimination pursuant to the requirements of Title VII. These decisions indicate that there is no bright line for making a determination of this issue; rather, the result is dependent on the circumstances of each case.

Applying relevant caselaw to the facts of this case, the undersigned finds that Plaintiff did not file a timely charge of discrimination and that this matter should be dismissed pursuant to

Fed.R.Civ.P. 12(b)(6). Although several factors contribute to this finding, the undersigned is particularly persuaded that the "Intake Questionnaire" Plaintiff wishes the Court to construe as a charge, which was completed and submitted with the assistance of counsel, clearly states on its face that a charge of employment discrimination must be filed within the time limits imposed by law. (Document No. 11-1, pp.2, 5). The undersigned is not persuaded that Plaintiff intended the "Intake Questionnaire" to be her charge of discrimination; that the EEOC treated that document as a charge of discrimination and a call for remedial action; or that it adequately meets the elements of charge. The "Intake Questionnaire" in this case lacks verification by the Plaintiff, and, unlike in Holowecki and some other cases, seeks to initiate an investigation by the EEOC, rather than expressly requesting remedial action.

Under the circumstances of this case, the undersigned finds that dismissal is most consistent with the requirements of Title VII.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 7) be **GRANTED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections

will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: April 25, 2012

David C. Keesler
United States Magistrate Judge