| | |
|---|---|
| JESSICA COLAVITA,              )<br>                                              )<br>            Plaintiff,               )<br>                                              )<br>      v.                                     )<br>                                              )<br> BOSTON SCIENTIFIC         )<br> CORPORATION,                )<br>                                              )<br>            Defendants.          )<br>                                              ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Jessica Colavita's ("Plaintiff") Motion for Leave to File an Amended Complaint ("Motion to Amend"), (Doc. No. 19), filed May 14, 2012; Defendant Boston Scientific Corporation's ("Defendant") Response, (Doc. No. 21), filed June 1, 2012; and Plaintiff's Reply, (Doc. No. 23), filed on June 11, 2012. Having considered the record, the briefs and applicable authority, this Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint.

**I.    BACKGROUND**

Plaintiff initiated this action by filing her Complaint, (Doc. No. 1), on November 16, 2011. Plaintiff's Complaint alleges two claims against Defendant: (1) Retaliation in violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; and (2) Negligent retention and supervision. (Doc. No. 1 at 8-9).

On January 9, 2012, Defendant filed a Motion to Dismiss asserting, among other claims, that Plaintiff was barred from pursuing her claim in federal court because she failed to timely file a charge of discrimination with the EEOC. See (Doc. Nos. 7; 8). On January 26, 2012, Plaintiff

1

filed a Response in Opposition to Defendant's Motion to Dismiss, (Doc. No. 10). Plaintiff admits to not timely filing a formal "Charge of Discrimination," but points to her timely "Intake Questionnaire" to satisfy this requirement. On February 6, 2012, Defendant filed a Reply, (Doc. No. 13), and, without leave from the court, Plaintiff filed a Surreply on February 8, 2012, (Doc. No. 14), and another Affidavit, (Doc. No. 15). This Court referred Defendant's Motion to Dismiss and related filings to a Magistrate Judge pursuant to 28 U.S.C. § 636(b). See (Doc. No. 17 at 1).

On April 26, 2012, the Magistrate Judge filed a Memorandum and Recommendation ("M&R"), recommending this Court grant Defendant's Motion to Dismiss in full because Plaintiff failed to timely file a charge of discrimination with the EEOC. (Doc. No. 17). Specifically, the Magistrate Judge observed that "[a]lthough several factors contributed to this finding, the undersigned is particularly persuaded that the 'Intake Questionnaire' Plaintiff wishes the Court to construe as a charge, which was completed and submitted by the assistance of counsel, clearly states on its face that the charge of employment discrimination must be filed within the time limits imposed by law." (Doc. No. 17 at 11) (citing Doc. No. 11-1: Intake Questionnaire at 2, 5). In addition, the Magistrate Judge expressed that he was "not persuaded that Plaintiff intended the 'Intake Questionnaire' to be her charge of discrimination; that the EEOC treated the document as a charge of discrimination and a call for remedial action; or that it adequately [met] the elements of [a] charge." (Doc. No. 17 at 11).

On May 14, 2012, Plaintiff filed a Motion for Leave to File an Amended Complaint, (Doc. No. 19), and a Brief in Support, (Doc. No. 20), seeking leave to amend her Complaint in order to "(a) further demonstrate her timely filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"); (b) attach and incorporate by reference the

entire administrative record of the EEOC; and (c) delete her negligent retention and supervision claim." (Doc. No. 20 at 1). On June 1, 2012, Defendant filed a Response, (Doc. No. 21), and on June 11, 2012, Plaintiff filed a Reply, (Doc. No. 23).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a)(2).

"This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). Further, "the federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that [the] plaintiff be given every opportunity to cure a formal defect in his pleading." Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999) (quoting 5A Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (2d ed. 1990)). Thus, a "motion to amend should be denied *only* where it would be prejudicial, there has been bad faith, or the amendment would be futile." Laber, 438 F.3d at 426 (emphasis added) (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)); see also Forman v. Davis, 371 U.S. 178, 182 (1962).

3

## III.    ANALYSIS

### A.    Futility

Defendant argues that Plaintiff's amendments would be futile.  See (Doc. No. 21 at 5-9). First, Defendant asserts a Rule 12(f) argument, claiming that because the more than sixty (60) pages of Plaintiff's EEOC administrative record would be subject to a motion to strike, this Court should deny Plaintiff's Motion to Amend.  (Doc. No. 21 at 7).  Federal Rule of Civil Procedure 12(f) allows the Court, by motion or on its own initiative, to strike any portions of a pleading that are redundant, immaterial, impertinent or scandalous.  However, motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy..."  Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).

Defendant argues that the EEOC administrative record is immaterial, impertinent, redundant or scandalous.  See (Doc. No. 21 at 8).  However, Plaintiff has presented evidence showing that at least some of the documents contained in the EEOC record are material and relevant.  See, e.g., (Doc. No. 19-1 at 28: Intake Questionnaire).  Defendant is free to file a motion to strike, specifically describing the documents it believes violate Rule 12(f) and the reasons such documents should be stricken.  However, this Court will not deny Plaintiff's Motion to Amend based on Defendant's broad, unsupported assertion that "most, if not all," of the EEOC record must be struck.

Next, Defendant claims that Plaintiff's proposed amendments would be futile because the amendments "will not change the ultimate result of Defendant's pending 12(b)(6) motion." (Doc. No. 21 at 10).  Defendant, in its Motion to Dismiss, contends that Plaintiff has failed to state a claim upon which relief can be granted because she did not timely file an EEOC charge. (Doc. No. 8 at 5). 42 U.S.C. § 2000e-5(e)(1) provides, "[a] charge under this section shall be

4

filed within one hundred and eighty days after the alleged unlawful employment practice." Generally, an intake questionnaire and a charge of discrimination are two separate documents filed with the EEOC. However, "an intake question can be 'deemed' a charge, i.e., it can function as a charge, even though it is not a charge." Bland v. Fairfax Co., Va., 799 F. Supp. 2d 609, 616 (E.D. Va. June 29, 2011). An intake questionnaire can be deemed a charge of discrimination if it can be reasonably construed as a request for the EEOC to take remedial action. See Federal Express Corp. v. Holowecki, 552 U.S. 389 (2008).

In the present case, Plaintiff's EEOC filing was only timely if her Intake Questionnaire can be construed as a charge. Plaintiff's proposed Amended Complaint alleges additional facts tending to show that Plaintiff's Intake Questionnaire should be construed as a charge of discrimination. For instance, in paragraph 51, Plaintiff specifically alleges that she intended her Intake Questionnaire filed with the EEOC on March 4, 2012 to constitute a charge of discrimination. (Doc. No. 19-2 at 9). More importantly, in paragraph 54, Plaintiff alleges the contents of a letter from the EEOC stating it construed her Intake Questionnaire as a charge of discrimination. Id. Such facts, if true, lend greater weight to Plaintiff's assertion that her Intake Questionnaire constitutes a timely filed charge of discrimination. Thus, based on Plaintiff's additional allegations, the Court could find that Plaintiff timely filed a charge of discrimination. Therefore, it cannot be shown that Plaintiff's proposed Amended Complaint would be futile.

    B.    <u>Prejudice</u>

Next, Defendant argues that granting Plaintiff's Motion to Amend would unfairly prejudice it. (Doc. No. 21 at 5). Specifically, Defendant claims that allowing Plaintiff to incorporate the entire EEOC administrative record as an attachment to her Complaint "would place[] an unjustifiable burden on [Defendant] to determine the nature of the claim against [it]

and to speculate on what [its] defenses might be." (Doc. No. 21 at 5). A motion to amend a pleading may be denied if it is unduly prejudicial to the opposing party. City of Charleston, SC v. Hotels.com, LP, 487 F. Supp. 2d 676, 680 (citing Forman, 371 U.S. at 182). Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." Laber, 438 F.3d at 437. A common example is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial. Charleston, 487 F. Supp. 2d at 680 (quoting Johnson v. Oroweat Foods Co., 785 F.2d at 510).

In the present case, Plaintiff's proposed Amended Complaint alleges facts relating to her initial contention that she timely filed a charge of discrimination with the EEOC, see (Doc. No. 19-2 at 9). Specifically, Plaintiff's proposed Amended Complaint alleges several additional facts to show that her Intake Questionnaire constitutes a timely charge of discrimination. Plaintiff is not asserting any additional legal theories. In fact, allowing Plaintiff's Motion to Amend would result in dismissal of her negligent retention and supervision claim. See (Doc. No. 19-2 at 9). Plaintiff is merely bolstering her argument that she timely filed a charge of discrimination with the EEOC. Thus, the nature of Plaintiff's claim has not changed from her initial complaint. Therefore, allowing the amendment would not place an "unjustifiable burden" on the Defendant.

In addition to the nature of Plaintiff's proposed amended Complaint, this Court also looks to the timing of the motion to determine whether amendment would be prejudicial. Generally, the further along a case is, the greater the prejudicial effect the amendment is likely to have on the nonmoving party. The present case is still at a very early stage of litigation. There has been no scheduling order, no discovery has been conducted and no trial date has been set.

Accordingly, this Court finds that at such an early stage in the litigation and considering the nature of the proposed amendments, allowing Plaintiff to amend her complaint would not result in undue prejudice to the Defendant.

    C.    <u>Bad Faith</u>

Lastly, Defendant argues Plaintiff's Motion should be denied on the grounds of bad faith. (Doc. No. 21 at 10). In support of this argument, Defendant relies exclusively on <u>GSS Properties, Inc. v. Kendale Shopping Ctr., Inc.</u>, 119 F.R.D 379 (M.D.N.C. 1988). However, Defendant's reliance on <u>GSS</u> is misplaced.

In <u>GSS Properties</u>, the court found that Plaintiff's delay in filing her amended Complaint was blatant. <u>See id.</u> at 380. Specifically, the court found that even though the amended Complaint was filed only three months after the original complaint, "[t]he delay may be deemed blatant in the sense that plaintiff clearly knew of these facts prior to filing this action, yet did not make the proposed amendments part of the original complaint." <u>Id.</u> at 381. The Court found "bad faith in plaintiff's withholding facts clearly known to it prior to the filing of the complaint and then moving to amend the complaint where the evidence suggests that plaintiff had an ulterior purpose of either attempting to force defendant to settle or punishing defendant for failing to settle." <u>Id.</u> Thus, it was the combination of both the plaintiff's blatant delay and the court's finding of bad faith which led to the court's denial of plaintiff's Motion to Amend in <u>GSS</u>. However, nothing in the record suggests that Plaintiff's had any ulterior motive in filing her Motion to Amend. The Court finds no evidence of bad faith.

    D.    <u>Mootness</u>

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings must be dismissed as moot. <u>Young v. City of

7

Mount Ranier, 238 F. 3d 567, 573 (4th 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also Collin v. Marconi Commerce Sys Employees' Ret. Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiff's filing of the Second Amended Complaint"); Turner v. Knight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). Because Plaintiff's Amended Complaint supersedes the previous Complaint, Defendant's Motion to Dismiss, (Doc. No. 8), and the Magistrate Judge's M&R, (Doc. No. 17), are dismissed as moot.

### III. CONCLUSION

Under Rule 15(a)(2), a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Laber, 438 F.3d at 426 (citing Johnson, 785 F.2d at 509) (citing Forman v. Davis, 371 U.S. at 182). Defendant failed to make any of these showings.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Amend, (Doc. No. 19), is **GRANTED**;

2. Defendant's Motion to Dismiss, (Doc. No. 8), is **DISMISSED** as **MOOT**; and

3. The Magistrate Judge's M&R, (Doc. No. 17), is **DISMISSED** as **MOOT**.

8

Signed: July 3, 2012

_____

Robert J. Conrad, Jr.
Chief United States District Judge

9